SMILEY B. TRUITT and JOHN WARREN, d. b. a., *vs.* FRANK L. WARRINGTON, p. b. r.

1. TRESPASS—EXTENT OF PROOF.

In trespass *de bonis asportatis*, plaintiff, in order to recover, must prove (1) property, with the qualification that possession, in the absence of testimony to the contrary, is *prima facie* evidence of ownership; (2) the trespass, viz., the taking by defendant; and (3) the damages, which, if the taking was unlawful, would be the value of the goods.

2. TRESPASS—ACTION—CONSTRUCTIVE POSSESSION.

A person has constructive possession of property, when it belongs to him, but is either in the actual custody and possession of another, or when it is in the care or custody of a servant, agent, or overseer, or in the hands of a bailee for custody, carriage, or other service as depositary, mandatory, carrier, borrower, or the like; the bailee in possession having no title and right of enjoyment of the property, and the owner being authorized to take it at its pleasure, under which circumstances the general owner may sue in trespass as for an injury to his actual possession, since a general property draws to itself the possession, there being no intervening adverse right of enjoyment.

**3.  EXECUTION—SALE—RIGHTS OF PURCHASER.**

The purchaser at a legal sale of goods on execution, on complying with the terms and conditions of the sale, is entitled to possession of the goods, provided the person whose goods were sold under the process had a rightful property therein.

**4.  EXECUTION—PROPERTY SUBJECT—GROWING CROPS.**

A person, growing a crop on shares, has such a property in his share as may be sold, under due process of law or otherwise.

*(April* 12, 1912.)

PENNEWILL, C. J., and RICE, J., sitting.

*Charles S. Richards* and *Harry ·J. Isaacs* for appellant.

*Robert C. White* and *James M. Tunnell* for respondent.

Superior Court, Sussex County, April Term, 1912.

ACTION OF TRESPASS DE BONIS ASPORTATIS (No. 128, April Term, 1911).   Appeal from a justice of the peace.

The facts appear in the charge of the court.

Rice, J., charging the jury:

Gentlemen of the jury:—This is an appeal from a justice of the peace, and is an action of trespass *de bonis asportatis,* brought by Frank L. Warrington, plaintiff, against Smiley B. Truitt and John Warren, defendants.

The plaintiff in his pro narr. alleges that on the —— day of September, A. D. 1911, Smiley B. Truitt and John Warren, the defendants, unlawfully took and carried away fifty bushels of corn, four stacks of fodder, twenty-five bushels of white potatoes, twenty-five bushels of sweet potatoes, and one bay mare, the goods and chattels of the said plaintiff, and he was thereby damaged to the extent of ninety-five dollars.

The plaintiff has abandoned all the allegations in his declaration against John Warren, one of the defendants, and therefore we direct you to find a verdict of not guilty as to John Warren.

The plaintiff has also abandoned certain of his allegations against Smiley B. Truitt, the other defendant, and has introduced evidence to charge him with unlawfully taking and carrying away fifty bushels of corn and four stacks of fodder only, and therefore it is not necessary for you to consider the allegations in the declaration which relate to the other goods and chattels.

Evidence has been introduced, by the plaintiff, to show that an interest in the corn and fodder grown on a plot of ground variously estimated as containing between eleven and twenty acres, was sold as the property of John Warren and Gertie Warren, on an execution issued on a judgment recovered against them, and that Frank L. Warrington, the plaintiff, was the purchaser at the sale, that when the purchaser sent an agent to give notice that the goods would be taken away the next day, the agent was warned by Smiley B. Truitt, that no one would be permitted to go on the land after the goods, and he was thereby prevented from taking away the corn and fodder which he had purchased at the sale, and the plaintiff claims that he suffered damages equal to the value of the said corn and fodder.

Smiley B. Truitt, one of the defendants, contends that he, and not John Warren, was the owner of the goods in question, at the time of sale, and that he is not guilty of unlawfully taking and carrying them away, and has introduced testimony to support his claim.

It was testified that John Warren grew a crop of corn, on a piece of ground, on the farm of Smiley B. Truitt, and that John Warren owned a certain portion of the corn and fodder grown, as his share, and that the other portion belonged to Smiley B. Truitt, one of the defendants, in this action; that three days before the execution was issued and levy made, John Warren had sold his share in the crop to Smiley B. Truitt and had delivered to him a bill of sale for the same.

[1] For the plaintiff to recover in this action, it is necessary for him to prove by a preponderance of evidence, three material facts; first, property—this with the qualification that possession, in the absence of testimony to the contrary is *prima facie* evidence of ownership; second, the trespass, that is, the taking by the defendant; and, third, the damages which would be, if the taking was unlawful, the value of the goods. *Woolley on Del. Prac.* § 1492.

[2] "The possession of the plaintiff may be actual or constructive. It is constructive when the property is either in the actual custody and possession of any one, but rightfully belongs

to the plaintiff, or when it is in the care and custody of his servant, agent or overseer, or in the hands of a bailee for custody, carriage or other service, as depositary, mandatory, carrier, borrower, or the like, where the bailee or actual possessor has no vested interest or title to the beneficial use and enjoyment of the property but on the contrary the owner may take it into his hands at his pleasure. When this is the case, the general owner may sue in trespass, as for an injury to his own actual possession, and this proof will maintain the averment. A general property draws to itself the possession where there is no intervening adverse right of enjoyment." *Woolley on Del. Prac.* § 1492.

[3] The purchaser at a legal sale of goods and chattels sold under due process of law, upon complying with the terms and conditions of the sale, is entitled to the possession of the goods bought, provided, that the person whose goods were sold under the process, had a rightful property in the same.

[4] A person growing a crop on shares, has such a property in his share of the crop, as may be bought, and may be sold under due process of law or otherwise.

It is provided by *section* 4 of the statute of frauds (*Revised Code*, 526) that "no sale, whether with or without bill of sale of any goods or chattels, within this state, shall be good in law (except as against the vendor), or shall change, or alter the property in such goods or chattels, unless a valuable consideration for the same shall be paid, or in good faith secured to be paid, and unless the goods and chattels sold shall be actually delivered into the possession of the vendee, as soon as conveniently may be after the making of such sale."

It is for you to determine, from a consideration of all the evidence in the case, whether the sale by John Warren to the defendant was or was not such a sale, and whether actual delivery into the possession of the defendant was made, as provided in this section of the statute.

If you should find that the goods and chattels sold were the rightful property of John Warren, at the time of the execution sale, and that the plaintiff was the purchaser at that sale, and Smiley B. Truitt the defendant, unlawfully took and carried

away, or prevented the plaintiff from taking possession of said goods, and the plaintiff was thereby damaged, your verdict should be for the plaintiff, otherwise it should be for the defendant.

If, on the other hand, you should believe from the evidence, that Smiley B. Truitt, the defendant, was the rightful owner of the corn and fodder, at the time of the sale on execution, your verdict should be for the defendant.

Your verdict should be predicated on the preponderance of evidence as produced at the trial, and by preponderance is meant the greater weight of testimony and not necessarily the greater number of witnesses.

If your verdict is in favor of the plaintiff, it should be for the value of the corn and fodder, proved to have been unlawfully taken and carried away, by the defendant.

Verdict for defendants below, appellants.